UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAX AGENCY, INC., a MICHIGAN
CORPORATION,

      Plaintiff,                                Case No. 11-15343
                                                   HON. GERSHWIN A. DRAIN

vs.


E.R.J. INSURANCE GROUP, INC. d/b/a
AMERICAN HERITAGE INSURANCE SERVICES,
A FLORIDA CORPORATION,

      Defendant.

AND

E.R.J. INSURANCE GROUP, INC. d/b/a
AMERICAN HERITAGE INSURANCE SERVICES,
A FLORIDA CORPORATION,

      Counter-Plaintiff,


vs.


FAX AGENCY, INC., a MICHIGAN
CORPORATION,

      Counter-Defendant,
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND [#27] AND DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES [#25]

**I.  INTRODUCTION**

    Presently before the court is Plaintiff's Motion to Amend and Defendant's Motion to

Amend Affirmative Defenses. For the reasons that follow, both motions are denied.

## II.   PROCEDURAL AND FACTUAL HISTORY

Plaintiff/Counter-Defendant FAX Agency, Inc. filed a Complaint on December 6, 2011 alleging that Defendant/Counter-Plaintiff AHiS breached the Broker Agreement the parties entered into by refusing to pay $624,000 in commission fees. On January 19, 2012 AHIS filed an Answer that denied this charge and counter-claimed that FAX has failed to perform Broker Services and FAX was unjustly enriched by improperly receiving $869,142.50 in commission fees.

A scheduling order was entered on February 29, 2012 that set the discovery deadline for March 1, 2013. Parties were able to undertake discovery shortly after this time. The case was transferred to this Court on December 4, 2012. On March 19, 2013, FAX filed a motion to extend the discovery and dispositive motions deadline to May 28, 2013. This Court entered an order granting in part FAX's motion, extending the deadline to April 19, 2013 instead of May 28, 2013. AHIS filed a Motion for Summary Judgment on March 20, 2013. FAX requested and was granted an extension to respond to AHIS' summary judgment motion on April 10, 2013. On March 25, 2013, AHIS filed their Motion to Amend Affirmative Defenses. FAX filed their Motion to Amend on March 26, 2013. Neither party responded to the opposing side's motion.

## III.   LAW AND ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend complaints shall be freely granted "when justice so requires." *Foman v. Davis*, 371 U.S.

178, 181 (1962); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir.1973). However, leave is inappropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of the allowance of amendment." *Foman*, 371 U.S. at 182; Troxel, 489 F.2d at 970. The determination of whether to grant the motion to amend is left to the sound discretion of the trial court. *Foman*, 371 U.S. at 182; *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir.1980). Examination of the *Foman* factors is made in light of the directive that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1; *Foman*, 371 U.S. at 182. While delay alone is an insufficient reason to deny a motion to amend, the court will weigh the reasons for delay in raising the new issue against the prejudice suffered by the non-moving party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 874 (6th Cir.1973). Finally, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice." *Minor v. Northville Public Schools*, 605 F. Supp. 1185, 1201 (E.D. Mich. 1985).

### *1. FAX's Motion to Amend*

FAX requests leave to amend in order to include additional sums of money owed to them by AHIS. Specifically, FAX claims that through recent discovery disclosures they learned that AHIS committed two additional breaches of the Broker Agreement: "by refusing to pay FAX on 15,544 GAP contracts, totaling $103,957.50 in unpaid commission fees, and by incorrectly calculating the amount of commission due on another 27,442 contracts, totaling $35,042.00 in unpaid commission fees." Pl.'s Mot. to Amend 2. FAX

argues that leave should be granted since none of the *Foman* factors are present and AHIS would not suffer prejudice.

FAX's motion is untimely. While FAX claims that the additional amount owed only came to light during the discovery process, they do not offer a reason why they did not seek to amend earlier in the discovery process. One possible reason is suggested by FAX's claim that the data which brought these new claims to light was under exclusive control of AHIS. However, this does not provide a satisfactory explanation as FAX should have had access to this data at the start of the discovery process. That means FAX had almost a year to discover and bring these additional claims, but failed to do so for an unspecified reason.

Additionally, granting the motion would prejudice AHIS. The Motion for Summary Judgment filed by AHIS on March 20, 2013 is limited to the claims brought by FAX in their initial Complaint. While the arguments advanced in the summary judgment motion may be applicable to the new claims raised by FAX, that is a determination that would have to be made by AHIS. This determination would be difficult to make based on FAX's Motion to Amend alone as sparse detail about how these new claims arose is offered. Granting FAX's motion in all likelihood would necessitate AHIS filing a new motion for summary judgment, which would not only come at the additional litigation fees for AHIS but also this Court's time. *See Durfee v. Rich*, 2008 U.S. Dist. LEXIS 8202, Case No. 02–10041, at *3 (E.D. Mich. Feb. 4, 2008) ("An amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims."). Given the prejudice to AHIS and the failure of FAX to explain their delay, the Court finds that there was undue delay in bringing

the Motion to Amend.

### 2. AHIS's Motion to Amend Affirmative Defenses

AHIS requested leave to amend in order to add a statute of limitations defense. The defense would apply to FAX's claim of fees withheld from 2003 to 2005. The timing of this request is puzzling. The Complaint alleged breach of contract for failure to pay commissions due on a contract entered into on May 1, 2003. AHIS must have been aware at the time the Complaint was filed that a statute of limitations defense would be available to them. Even if they somehow were not aware of the defense at the time, AHIS states that their defense is based on an exhibit produced in response to a discovery request from FAX last summer. Def.'s Mot. to Amend 4. AHIS has failed to provide a reason the defense was not raised at the time it was discovered last summer.

Since AHIS has failed to offer any reason for the lengthy delay in requesting its affirmative defense, only a light showing of prejudice is needed to deny the motion. *See Minor*, 605 F. Supp. at 1201. Sufficient prejudice arises from FAX having to spend the resources to respond to the affirmative defense. This comes at a time when FAX is facing a pending summary judgment motion and the dispositive motion deadline on April 19, 2013. While FAX would not be greatly prejudiced, they would suffer enough to merit denial of the motion given the length of the delay and lack of reasoning for failing to add the affirmative defense earlier.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend [#25] and Defendant's Motion to Amend Affirmative Defenses [#27] are DENIED.

SO ORDERED.


Dated:  April 17, 2013

                              S/Gershwin A. Drain
                              GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 17, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk