UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAX Agency, Inc., a Michigan corporation,

    Plaintiff/Counter-Defendant,                  Case No. 11-15343
                                                      HON. GERSHWIN A. DRAIN

vs.

E.R.J. Insurance Group, Inc. d/b/a American
Heritage Insurance Services (AHIS), a Florida
corporation,

    Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT [#52],
MOTION TO VACATE OPINION AS TO DAMAGES AND VACATE JUDGMENT [#53],
AND PLAINTIFF'S MOTION TO AMEND JUDGMENT [#55]**

Presently before the Court are Defendant's Motion to Vacate Judgment and Motion to Vacate Opinion as to Damages and Judgment filed on June 14, 2013. Also before the Court is Plaintiff's Motion to Amend Judgment filed on June 28, 2013. Defendant challenges the decision in the Court's May 31, 2013 Order granting Summary Judgment in favor of Plaintiff. First, Defendant requests the judgment be vacated because its counterclaim is still pending. Second, Defendant claims that, contrary to the Court's finding, the amount of damages owed to Plaintiff is in dispute. Plaintiff requests that the Court add $75,928.00 to its Judgment based on allegedly newly discovered evidence of withheld broker fees. For the reasons below, Defendant's Motions and Plaintiff's Motion are DENIED.

**1. Defendant's Motions**

Defendant brought the present Motions pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (4) and Local Rule 7.1(h)(3).  Federal Rules of Civil Procedure 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
>
> (4) the judgment is void;

FED. R. CIV. P. 60(b).  Local Rule 7.1(h)(3) of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

The first Motion claims entry of judgment was a mistake under Rule 60(b)(1), or void by law under Rule 60(b)(4), because there was a pending counter claim.  The second Motion argues the Court incorrectly held that the amount of damages was undisputed.  Relief is requested on three grounds.  First, pursuant to Rule 60(b)(1), Defendant claims this Court's judgment on Plaintiff's Motion for Summary Judgment constituted surprise since the hearing on that Motion was set for July 2, 2013 and Defendant's failure to brief its new exhibit is "excusable neglect" because of the surprise.  Secondly, relief is requested

pursuant to Rule 60(b)(2) based on "newly discovered evidence" of corrections required to make in Defendant's own database of "chargebacks" that was the basis of Plaintiff's requested amount of damages. Finally, Defendant states that it was "palpable error" under Local Rule 7.1(h)(3) to conclude that damages were undisputed and requests reconsideration of this determination.

As to the first Motion, the Court acknowledged and decided Defendant's counterclaim. Admittedly, the Court should have done so with greater clarity, but the merits of the claim were considered. In rejecting Defendant's Motion for Summary Judgment, the Court also denied any basis for Defendant's counterclaim since it is based on the same dispute over the meaning of the Contract between the parties. Since the dispute was resolved in favor of Plaintiff, there was no basis for Defendant to maintain their claim. As noted by Plaintiff, the Court has the power to grant Summary Judgment sua sponte when the parties have had the opportunity to present evidence. Defendant has clearly had that opportunity through its own Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment. Given that there was no merit to Defendant's counterclaim, dismissal and entry of judgment in favor of Plaintiff was appropriate.

The second motion is similarly without merit. For starters, the Court's Order should not come as a surprise when the decision was reached after full briefing by both parties on cross-Motions for Summary Judgment. This case was started in December 2011, which should have given Defendant ample time to review the financial data involved. Local Rule 7.1(f)(2) allows the Court to determine the appropriate outcome of a case without oral argument when the outcome is clear from the briefing, as it was in this case. Secondly, Defendant's discovery of an error in its own data, used in its own exhibits, does not

constitute "discovery of new evidence." Plaintiff aptly described this as "a belated analysis of [Defendant's] own data." Since it is Defendant's own financial data, they clearly had access to this information prior to the Court's May 31, 2013 Order. There is simply nothing new about this discovery.

Finally, the Court did not commit palpable error by concluding that damages were undisputed. This is the first time that Defendant has ever raised any argument about the amount of damages claimed by Plaintiff. Not once in their response to Plaintiff's Motion for Summary Judgment was the amount of damages disputed, only liability. Damages were clearly undisputed by Defendant.

Contrary to Defendant's claim, there is nothing speculative about the amount awarded to Plaintiff as it came from Defendant's own data. It was no secret that Plaintiff relied on this figure since this was the amount requested in its Motion for Summary Judgment. Defendant had the opportunity to dispute the amount at that time. The only excuse offered by Defendant is that Mr. Phelps' testimony prompted them to examine their own data to see if corrections were required. This is no excuse at all as Defendant should have verified that the information, filed with this Court as Exhibits 14 and 15, was correct before filing. There was a reasonable basis for Plaintiff's requested damages and Defendant never disputed the amount claimed, thus it was not a palpable error to award that amount to Plaintiff.

**2. Plaintiff's Motion to Amend Judgment**

Plaintiff's request an additional $75,928.00 in recovery based on allegedly newly discovered evidence about illegally withheld broker fees. The discovery of the additional sum originated with the Affidavit of Timothy Meerbott, filed as an exhibit alongside

Defendant's Motion to Vacate. The relevant portion of the Affidavit states:

> 13. Review of the zero amounts paid indicate that Fax Agency was not paid for reinsurance with the exception of one dealership which, if paid at the same commission rate, would be a total of $56,254.00.
>
> 14. In addition, the zero paid spreadsheet indicates that Fax Agency was not paid a total of $14,659.50 on the direct non-reinsured business.

Aff. of Timothy Meerbott ¶¶ 13-14.

The Court considered and denied a similar request in its April 17, 2013 Order denying Plaintiff's Motion to Amend. At that time, Plaintiff requested an additional $138,999.50 based on 15,544 GAP contracts and incorrectly calculated commissions. The Motion was denied in part because Plaintiff had access to this data and was untimely in its request. Plaintiff insists that the amount requested now are different than the amount requested at the time. Further, in accordance with Rule 60(b)(2), Plaintiff claims that this evidence is newly discovered as it was previously withheld by Defendant. Defendant disputes that there is anything new about the sum of money discussed in Mr. Meerbott's Affidavit. Instead, Defendant states that the sums discussed in the Affidavit are just revised calculations of the same "zero payments" previously disallowed by the Court.

The same logic for denying Plaintiff's Motion to Amend is applicable here. The amounts provided by Mr. Meerbott are calculations based on the same financial data that was previously available to Plaintiff. That is, Mr. Meerbott's Affidavit is not newly discovered evidence, just revised calculations of the same evidence that has always been available to Plaintiff. Since this evidence was previously available to Plaintiff, it may not be used to amend the judgment. As such, Plaintiff's Motion is DENIED.

For the foregoing reasons, Defendant's Motion to Vacate Judgment [#52] and Motion to Vacate Opinion as to Damages and Judgment [#53] are DENIED.

Plaintiff's Motion to Amend Judgment [#55] is DENIED.

SO ORDERED.

Dated: August 14, 2013          /s/Gershwin A Drain
                                GERSHWIN A. DRAIN
                                U.S. DISTRICT JUDGE